**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| SOLAS OLED LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | Civil No. 6:19-CV-00537-ADA <br><br> JURY TRIAL DEMANDED |

**DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS TO SOLAS
OLED LTD.'S COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Apple Inc. ("Apple") answers Plaintiff Solas OLED Ltd.'s ("Solas") Complaint for Patent Infringement ("Complaint"; Dkt. 1) as follows.  Apple admits that Solas's pleading purports to be a complaint for patent infringement, but denies that Apple has infringed any valid and enforceable patent claim or that Solas is entitled to any relief.  Except as expressly admitted, Apple denies each and every allegation in Solas's Complaint.  Apple's specific responses to the numbered allegations are set forth below.

**Plaintiff Solas OLED and the Patent-in-Suit.**

1. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, and therefore denies them.

2. Apple admits that U.S. Patent No. 6,072,450 (the "'450 patent") issued on June 6, 2000, and that it is entitled "Display Apparatus."  Apple admits that what appears to be a copy of the '450 patent is attached to the Complaint as Exhibit 1.  Apple is without knowledge or information sufficient to form a belief as to Solas's ownership of the '450 patent, and therefore denies those allegations of paragraph 2 of the Complaint.

3. Apple admits that U.S. Patent No. 7,446,338 (the "'338 patent") issued on November 4, 2008, and that it is entitled "Display Panel." Apple admits that what appears to be a copy of the '338 patent is attached to the Complaint as Exhibit 2. Apple is without knowledge or information sufficient to form a belief as to Solas's ownership of the '338 patent, and therefore denies those allegations of paragraph 3 of the Complaint.

4. Apple admits that U.S. Patent No. 7,573,068 (the "'068 patent") issued on August 11, 2009, and that it is entitled "Transistor array substrate and display panel." Apple admits that what appears to be a copy of the '068 patent is attached to the Complaint as Exhibit 3. Apple is without knowledge or information sufficient to form a belief as to Solas's ownership of the '068 patent, and therefore denies those allegations of paragraph 4 of the Complaint.

## Defendant and the Accused Products.

5. Apple admits that it is a California corporation and that it operates certain retail establishments and other facilities within the Western District of Texas. Whether such facilities constitute "regular and established places of business" involves a question of statutory interpretation, and thus, Apple denies that allegation and the remaining allegations in paragraph 5 of the Complaint.

6. Apple admits that certain of its iPhone, Apple Watch, and MacBook Pro products contain organic light-emitting diode ("OLED") displays, and that Solas has accused those products in this case. Apple denies, however, these accused products infringe any valid and enforceable patent claim or that Solas is entitled to any relief, and thus, Apple denies the remaining allegations in paragraph 6 of the Complaint.

**Jurisdiction, venue, and joinder.**

7. The allegations in paragraph 7 of the Complaint contain legal conclusions that require no answer. To the extent an answer is required, Apple admits that the Complaint purports to be an action for patent infringement arising under Title 35 of the United States Code. Apple denies that it is liable for patent infringement as Solas alleges. Apple does not contest that this Court has subject matter jurisdiction over Solas's claim for patent infringement.

8. The allegations in paragraph 8 of the Complaint contain legal conclusions that require no answer. To the extent an answer is required, Apple does not contest, for purposes of this action only, that the Court has personal jurisdiction over Apple. Apple admits that it operates certain retail establishments and other facilities within the Western District of Texas. Whether such facilities constitute "regular and established places of business" involves a question of statutory interpretation, and thus, Apple denies that allegation. Apple denies the remaining allegations in paragraph 8 of the Complaint.

9. Apple does not contest at this time, and solely for the purpose of the present litigation, whether venue over it properly lies in this District, but Apple denies that venue in this District is convenient, and Apple reserves the right to seek transfer to a more appropriate or convenient forum. Apple admits that it operates certain retail establishments and other facilities located at: 12545 Riata Vista Cir., Austin, TX 78727; 2901 S. Capital of Texas Hwy, Austin, TX 78746; 3121 Palm Way, Austin, TX 78758; 8401 Gateway Boulevard West, El Paso, TX 79925; 15900 La Cantera Parkway, San Antonio, TX 78256; and 7400 San Pedro Avenue, San Antonio, TX 78216. Whether such facilities constitute "regular and established places of business" involves a question of statutory interpretation, and thus, Apple denies that allegation.

**Count 1 – Claim for infringement of the '450 patent.**

10. Apple incorporates by reference its response to paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Apple admits that the United States Patent and Trademark Office issued the '450 patent on June 6, 2000, and that it is entitled "Display Apparatus." Apple admits that what appears to be a copy of the '450 patent is attached to the Complaint as Exhibit 1.

12. Apple is without knowledge or information sufficient to form a belief as to Solas's ownership of the '450 patent, and therefore denies those allegations. Apple denies the remaining allegations in paragraph 12 of the Complaint.

13. Apple denies the allegations in paragraph 13 of the Complaint.

14. Apple denies the allegations in paragraph 14 of the Complaint.

15. Apple denies the allegations in paragraph 15 of the Complaint.

16. Apple denies the allegations in paragraph 16 of the Complaint.

17. Apple admits that it has knowledge of the '450 patent as of the date that Solas served the Complaint on Apple. Apple denies the remaining allegations in paragraph 17 of the Complaint.

18. Apple denies the allegations in paragraph 18 of the Complaint.

19. Apple denies the allegations in paragraph 19 of the Complaint.

**Count 2 – Claim for infringement of the '338 patent.**

20. Apple incorporates by reference its response to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

21. Apple admits that the United States Patent and Trademark Office issued the '338 patent on November 4, 2008. Apple admits that what appears to be a copy of the '338 patent is

attached to the Complaint as Exhibit 2.  Apple denies the remaining allegations of paragraph 21 of the Complaint.

22.   Apple is without knowledge or information sufficient to form a belief as to Solas's ownership of the '338 patent, and therefore denies those allegations.  Apple denies the remaining allegations in paragraph 22 of the Complaint.

23.   Apple denies the allegations in paragraph 23 of the Complaint.

24.   Apple denies the allegations in paragraph 24 of the Complaint.

25.   Apple denies the allegations in paragraph 25 of the Complaint.

26.   Apple denies the allegations in paragraph 26 of the Complaint.

27.   Apple admits that it has knowledge of the '338 patent as of the date that Solas served the Complaint on Apple.  Apple denies the remaining allegations in paragraph 27 of the Complaint.

28.   Apple denies the allegations in paragraph 28 of the Complaint.

29.   Apple denies the allegations in paragraph 29 of the Complaint.

## Count 3 – Claim for infringement of the '068 patent.

30.   Apple incorporates by reference its response to paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31.   Apple admits that the United States Patent and Trademark Office issued the '068 patent on August 11, 2009, and that it is entitled "Transistor array substrate and display panel." Apple admits that what appears to be a copy of the '068 patent is attached to the Complaint as Exhibit 3.

32. Apple is without knowledge or information sufficient to form a belief as to Solas's ownership of the '068 patent, and therefore denies those allegations. Apple denies the remaining allegations in paragraph 32 of the Complaint.

33. Apple denies the allegations in paragraph 33 of the Complaint.

34. Apple denies the allegations in paragraph 34 of the Complaint.

35. Apple denies the allegations in paragraph 35 of the Complaint.

36. Apple denies the allegations in paragraph 36 of the Complaint.

37. Apple admits that it has knowledge of the '068 patent as of the date that Solas served the Complaint on Apple. Apple denies the remaining allegations in paragraph 37 of the Complaint.

38. Apple denies the allegations in paragraph 38 of the Complaint.

39. Apple denies the allegations in paragraph 39 of the Complaint.

## Jury demand.

40. Paragraph 40 of the Complaint is a statement to which no response is required. Nevertheless, Apple likewise requests a jury trial on all issues triable as of right to a jury.

## Relief requested.

41. These paragraphs set forth the statement of relief Solas requests, to which no response is required. Nevertheless, Apple denies that Solas is entitled to any relief, and specifically denies all the allegations and prayers for relief contained in paragraphs (A) through (G) of Solas's requested relief.

## AFFIRMATIVE DEFENSES

In accordance with Federal Rule of Civil Procedure 8(b) and (c), and subject to the responses above, Apple alleges and asserts the following defenses in response to the allegations

in Solas's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Apple specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

42. Apple does not infringe any valid and enforceable claim of the '450, '338, or '068 patents (collectively, the "patents-in-suit") in any manner under 35 U.S.C. § 271(a), (b), (c), and/or (f), literally or under the doctrine of equivalents, directly or indirectly, willfully or otherwise. Apple has not performed any act and is not proposing to perform any act in violation of any rights validly belonging to Solas.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

43. The asserted claims of the patents-in-suit are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Limitation on Damages)

44. Solas's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

### FOURTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

45. Solas's claims are barred in whole or in part by the doctrines of prosecution history estoppel and/or prosecution disclaimer.

### FIFTH AFFIRMATIVE DEFENSE
### (Ensnarement)

46. Solas's claims are barred or limited in whole or in part by the doctrine of ensnarement.

### SIXTH AFFIRMATIVE DEFENSE
### (Equitable Doctrines)

47. Solas's claims are barred in whole or in part under principles of equity, including without limitation, laches, waiver, estoppel, disclaimer, patent misuse, and/or unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
### (License and Exhaustion)

48. Solas's claims are barred to the extent the alleged infringement is licensed, either expressly or impliedly, or otherwise authorized.  Solas's claims are also barred to the extent that Solas has exhausted its rights and remedies as to the alleged infringement.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Basis for Injunctive Relief)

49. Solas is not entitled to injunctive relief under any theory, at least because: (1) Solas has not suffered nor will it suffer irreparable harm because of Apple's conduct; (2) any harm to Solas would be outweighed by the harm to Apple if an injunction were entered; (3) Solas has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of Solas.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

50. Solas has failed to state a claim upon which relief can be granted.

### RESERVATION OF AFFIRMATIVE DEFENSES

Apple hereby reserves the right to supplement its affirmative defenses as discovery proceeds in this case.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaim-Plaintiff Apple Inc. ("Apple") brings these Counterclaims against Plaintiff and Counterclaim-Defendant Solas OLED, Ltd. ("Solas") and alleges the following:

## PARTIES

1. Apple is a corporation organized under the law of the State of California and its principal place of business is One Apple Park Way, Cupertino, California 95014.

2. Upon information and belief, Solas is an Irish corporation having its address at 4-5 Burton Hall Road, Sandyford, Dublin 18.

## JURISDICTION AND VENUE

3. This is an action for declaratory judgment of non-infringement and invalidity of U.S. Patent Nos. 6,072,450 ("the '450 patent"), 7,446,338 ("the '338 patent"), and 7,573,068 (the "'068 patent"). This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201, 2202.

4. Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400, as a result of Solas having filed this action in this District. By filing its Complaint in this District, Solas has consented to personal jurisdiction and venue. Although this District is not the most convenient forum for this case, Apple has brought these counterclaims in this District in response to Solas's claims of infringement.

## BACKGROUND

5. On September 12, 2019, Solas filed suit against Apple, alleging infringement of the '450 patent, the '338 patent, and the '068 patent. (Dkt. 1.)

6. In its Complaint, Solas alleges that it is the owner of the '450 patent, the '338 patent, and the '068 patent.

7. An actual, substantial, and continuing justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Solas and Apple concerning the infringement and validity of the '450 patent, the '338 patent, and the '068 patent.  This controversy is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

<b><u>FIRST COUNTERCLAIM</u></b><br><b>(NON-INFRINGEMENT OF THE '450 PATENT)</b>

8. Apple incorporates Paragraphs 1 through 7 of its Counterclaims as if fully set forth herein.

9. Apple has not infringed and does not infringe any valid and enforceable claim of the '450 patent, directly, indirectly, contributorily, by inducement, or in any other manner.

10. To resolve the legal and factual questions Solas raised and to afford relief from the uncertainty and controversy that Solas's allegations have created, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '450 patent.

<b><u>SECOND COUNTERCLAIM</u></b><br><b>(INVALIDITY OF THE '450 PATENT)</b>

11. Apple incorporates Paragraphs 1 through 10 of its Counterclaims as if fully set forth herein.

12. Each claim of the '450 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

13. To resolve the legal and factual questions raised by Solas and to afford relief from the uncertainty and controversy that Solas's allegations have created, Apple is entitled to a declaratory judgment that the claims of the '450 patent are invalid.

### THIRD COUNTERCLAIM
### (NON-INFRINGEMENT OF THE '338 PATENT)

14. Apple incorporates Paragraphs 1 through 13 of its Counterclaims as if fully set forth herein.

15. Apple has not infringed and does not infringe any valid and enforceable claim of the '338 patent, directly, indirectly, contributorily, by inducement, or in any other manner.

16. To resolve the legal and factual questions Solas raised and to afford relief from the uncertainty and controversy that Solas's allegations have created, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '338 patent.

### FOURTH COUNTERCLAIM
### (INVALIDITY OF THE '338 PATENT)

17. Apple incorporates Paragraphs 1 through 16 of its Counterclaims as if fully set forth herein.

18. Each claim of the '338 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

19. To resolve the legal and factual questions raised by Solas and to afford relief from the uncertainty and controversy that Solas's allegations have created, Apple is entitled to a declaratory judgment that the claims of the '338 patent are invalid.

## FIFTH COUNTERCLAIM
### (NON-INFRINGEMENT OF THE '068 PATENT)

20. Apple incorporates Paragraphs 1 through 19 of its Counterclaims as if fully set forth herein.

21. Apple has not infringed and does not infringe any valid and enforceable claim of the '068 patent, directly, indirectly, contributorily, by inducement, or in any other manner.

22. To resolve the legal and factual questions Solas raised and to afford relief from the uncertainty and controversy that Solas's allegations have created, Apple is entitled to a declaratory judgment that it has not infringed and is not infringing any valid, enforceable claim of the '068 patent.

## SIXTH COUNTERCLAIM
### (INVALIDITY OF THE '068 PATENT)

23. Apple incorporates Paragraphs 1 through 22 of its Counterclaims as if fully set forth herein.

24. Each claim of the '068 patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103, and/or 112.

25. To resolve the legal and factual questions raised by Solas and to afford relief from the uncertainty and controversy that Solas's allegations have created, Apple is entitled to a declaratory judgment that the claims of the '068 patent are invalid.

## DEMAND FOR JURY TRIAL

Apple demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Apple requests that:

A. Solas takes nothing by way of its Complaint;

B. The Court enter judgment in favor of Apple and against Solas, thereby dismissing the Complaint in its entirety, with prejudice, and deny Solas all requested relief;

C. The Court grant declaratory judgment that Apple has not infringed and is not infringing the '450, '338, or '068 patents;

D. The Court grant declaratory judgment that the claims of the '450, '338, and '068 patents are invalid;

E. The Court find that Plaintiff cannot recover any damages from Apple for any infringement of the '450, '338, or '068 patents, and is not entitled to injunctive relief;

F. The Court declare that this case is exceptional, entitling Apple to its attorneys' fees under 35 U.S.C. § 285, and award Apple its costs and reasonable attorneys' fees; and

G. The Court grant Apple all other and further relief that the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Apple demands a trial by jury on all issues so triable.

Dated: November 4, 2019

Respectfully submitted,

By: */s/ John M. Guaragna*

John M. Guaragna
Texas Bar No. 24043308
DLA PIPER LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Tel: 512.457.7125
Fax: 512.457.7001

john.guaragna@dlapiper.com

*ATTORNEYS FOR DEFENDANT APPLE INC.*