# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br> Defendant. | CASE NO. 6:19-cv-00537-ADA <br><br> JURY TRIAL DEMANDED |

**APPLE INC.'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

## **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................................... 2

    A. Solas OLED .............................................................................................................. 2

    B. Apple ........................................................................................................................ 3

    C. Third-Party Vendors ................................................................................................. 4

III. LEGAL STANDARD .......................................................................................................... 4

IV. THE NDCAL IS CLEARLY THE MORE CONVENIENT VENUE ................................. 5

    A. The Private Interest Factors Favor Transfer ............................................................ 5

        1. Relative Ease of Access to Sources of Proof ............................................. 5

        2. Availability of Compulsory Process ........................................................... 7

        3. Attendance of Willing Witnesses ................................................................ 8

        4. All Other Practical Problems .................................................................... 10

    B. The Public Interest Factors Favor Transfer ........................................................... 11

        1. Court Congestion Is, At Worst, Neutral .................................................... 11

        2. Local Interests Strongly Favor Transfer ................................................... 11

        3. Familiarity With The Governing Law And Conflicts Of Law Are
           Neutral ....................................................................................................... 12

V. CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Acer Am. Corp.*,
    626 F.3d 1252 (Fed. Cir. 2010) ............................................................................................. 9

*ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.*,
    No. A-09-CA-LY, 2010 WL 1170976 (W.D. Tex. Mar. 23, 2010) ........................................ 8

*Aguilar-Ayala v. Ruiz*,
    973 F.2d 411 (5th Cir. 1992) .................................................................................................. 8

*In re Apple, Inc.*,
    581 F. App'x 886 (Fed. Cir. 2014) ..................................................................................... 5, 9

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
    No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) .................................. 5, 8

*Collaborative Agreements, LLC. v. Adobe Sys. Inc.*,
    No. 1-14-CV-356, 2015 WL10818739 (W.D. Tex. Aug. 21, 2015) ...................................... 6

*DataQuill, Ltd. v. Apple Inc.*,
    No. 13-ca-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ........................................ 6, 12

*Datascape, Ltd. v. Dell Techs., Inc.*,
    No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019) ...................... 10, 11

*Fintiv, Inc. v. Apple Inc.*,
    No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 13, 2019) ..................................... 8

*Gemalto S.A. v. CPI Card Grp. Inc.*,
    No. 15-CA-0910, 2015 WL 10818740 (W.D. Tex. Dec. 16, 2015) ....................................... 8

*In re Genentech, Inc*.
    566 F.3d 1338 (Fed. Cir. 2009) ..................................................................................... passim

*In re Hoffman-La Roche, Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) .......................................................................................7, 12

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sept. 25, 2018) ........................................ 5, 10

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) ......................................................................................... 5, 9

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Peak Completion Techs., Inc. v. I-TEC Well Solutions, LLC*,
  No. A-13-cv-086-LY, 2013 WL 12121002 (W.D. Tex. June 26, 2013) ................................10

*Polaris Innovations Ltd. v. Dell, Inc.*,
  No. 16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016) ..........................................6, 10

*In re Toyota Motor Corp.*,
  747 F.3d 1338 (Fed. Cir. 2014)..................................................................................................5

*In re TS Tech USA Corp.*,
  551 F.3d. 1315 (Fed. Cir. 2008)......................................................................................5, 9, 12

*Uniloc USA, Inc. v. Apple Inc.*,
  No. A-18-cv-990-LY, 2019 WL 2066121 (W.D. Tex. April 8, 2019) ............................6, 8, 10

*Uniloc USA Inc. v. Box, Inc.*,
  No. 1:17-CV-754-LY, 2018 WL 2729202 (W.D. Tex. June 6, 2018)................................6, 11

*Via Vadis, LLC v. Netgear, Inc.*,
  No. 14-cv-809, 2015 WL 10818675 (W.D. Tex. July 30, 2015).............................................10

*In re Volkswagen AG*,
  371 F.3d 201 (5th Cir. 2004) ...........................................................................................4, 5, 9

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .......................................................................................... passim

*Wet Sounds, Inc. v. Audio Formz, LLC*,
  No. 17-cv-141, 2017 WL 4547916 (W.D. Tex. Oct. 11, 2017), report and
  recommendation adopted, No. 1:17-cv-141, 2018 WL 1219248 (W.D. Tex.
  Jan. 22, 2018)................................................................................................................ passim

*XY, LLC v. Trans Ova Genetics, LC*,
  No. 16-ca-00447, 2017 WL 5505340 (W.D. Tex. Apr. 5, 2017) ..............................................6

### Other Authorities

Fed. R. Civ. P. 45(c)(1)(A), (B) .......................................................................................................7

Apple moves to transfer this case to the Northern District of California ("NDCAL") because it is the clearly more convenient venue for this dispute.

## I. INTRODUCTION

Under a straightforward application of the *Volkswagen* factors, this case, between an Irish corporation and a California corporation, with no connection to Waco, Texas, should be transferred to the NDCAL because it is the clearly more convenient venue. Indeed, this case has numerous, direct connections to the NDCAL but none to Waco, or even to Texas as a whole. Most notably, on the most critical factor in the transfer analysis—the location of relevant witnesses—there are numerous such witnesses in the NDCAL and not a single one in Texas, let alone Waco. In particular, all relevant Apple witnesses—the Apple engineers with knowledge of the accused technology, the Apple personnel with knowledge of the sales and marketing of the accused products, and Apple's licensing personnel—are all based in northern California. The location of these witnesses is a significant fact weighing in favor of transfer.

Here, all of the key facts favor transfer and *none* favors keeping this case in Waco. For example:

- The plaintiff, Solas OLED, an Irish corporation, has no known connection to Waco—or even to Texas, for that matter.
- Defendant Apple has its headquarters in the transferee forum.
- All anticipated sources of proof are in the transferee forum, and none are in Waco.
- There are numerous, key party witnesses in the transferee forum.
- None of the third-party suppliers of the accused technology are located in Texas.
- There is a keen local interest in the transferee forum because Apple was founded there and is based there.

1

- This case is in its very early stages.

Under these facts, this case should be transferred to the NDCAL because it is the clearly more convenient venue.

## II.     FACTUAL BACKGROUND

Solas has asserted against Apple three patents that it acquired in April 2016 from Casio Computer Co., Ltd. ("Casio"), a corporation in Tokyo, Japan.  Dkts. 1-1, 1-2, 1-3.[1]  All of the named inventors appear to be Japanese nationals.  *See* Dkts. 1-1, 1-2, 1-3.[2]

Plaintiff alleges that certain Apple Watch, iPhone, MacBook Pro models (the "Accused Products") infringe the Asserted Patents by way of the Organic Light Emitting Diode ("OLED") display panels in the products (the "Accused Technology").  Dkt. 1, Cmplt. at ¶¶ 16, 26, and 36.  Based on Apple's understanding of Solas's allegations, the Accused Technology in the Accused Products is located entirely within OLED displays supplied by third-parties located in Asia: Tianma Micro-electronics Co. (China), Samsung Display Co., Ltd. (Korea), LG Display (Korea), and Japan Display Inc. (Japan).  *See* Declaration of Shihchang Chang In Supp. of Mot. to Transfer ("Chang Decl."), ¶ 9.  The OLED displays in the Accused Products were designed and developed by these third parties working in conjunction with Apple engineers.  *Id.*, ¶¶ 6, 7, 9.

### A.     Solas OLED

Plaintiff Solas is an Irish corporation that is headquartered in Dublin, Ireland.  Dkt. 1, Complt. at ¶ 1.  Solas does not have any known relevant ties to Texas.  It appears to employ at least four staff and has four Board Members—nearly all of whom appear to reside in Dublin, and

---

[1] The asserted patents are U.S. Patent Nos. 6,072,450; 7,446,338; and 7,573,068 (the "Asserted Patents").

[2] The inventors are noted on the face of the asserted patents.

2

none in Texas. Ex. 1.[3]  In addition, Solas has two job listings on its website, both of which are Dublin-based positions. Ex. 2. Solas does not identify any relevant facilities, operations or employees located outside of Dublin, and Apple is not aware of any.

### B.      Apple

Apple is a California corporation headquartered in Cupertino (in the NDCAL) since 1976. Declaration of Mark Rollins In Supp. of Mot. to Transfer ("Rollins Decl."), ¶ 5. Apple's management and primary research and development facilities are located in Cupertino, California. *Id.*, ¶ 6. Although the OLED displays in the Accused Products are supplied by third parties, Apple has teams of engineers who work with these third parties to design, develop, and implement the OLED displays in the Accused Products. The vast majority of that work at Apple takes place at Apple's Cupertino headquarters. Chang Decl., ¶ 7. Similarly, the relevant Apple employees involved in the marketing, licensing and sales of the Accused Products are located in or near Cupertino. Rollins Decl., ¶ 6.

Based on Apple's understanding of Solas's allegations, the following is a list of the specific Apple employees likely to be witnesses in this case, and the likely subject matter of their testimony:

- Design and implementation of the Accused Products: Shihchang (James) Chang;
- Marketing of the Accused Products: Tom Boger, Francesca Sweet, and Eric Jue;
- Patent licensing and pre-suit discussions: Leo Merken; and
- Finances for the Accused Products: Mark Rollins.

---

[3] Unless stated otherwise, all exhibits cited in this brief are attached to the Declaration of John M. Guaragna In Supp. of Apple's Motion to Transfer.

Rollins Decl., ¶¶ 12, 15-21; Chang Decl., ¶¶ 6-9.  Each of these individuals and their current, relevant teams are located in the NDCAL, and none are located in the WDTX.  *Id.*

### C.     Third-Party Vendors

The vendors that supply Apple with the OLED displays in the Accused Products are located in Asia: Tianma Micro-electronics Co. (China), Samsung Display Co., Ltd. (Korea), LG Display (Korea), and Japan Display Inc. (Japan).  To Apple's knowledge, the engineers at these vendors with whom Apple engineers interact to design and produce the OLED displays in the Accused Products are all located in Asia.  Apple is not aware of any relevant engineers from these vendors who are located in Texas.  All of the documents from these vendors in Apple's possession are located in or near Apple's Cupertino headquarters.  Chang Decl., ¶ 8.

## III.    LEGAL STANDARD

Under section 1404(a), the moving party must first show that the claims "might have been brought" in the proposed transferee district.  *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008) ("*Volkswagen II*").  This first requirement is certainly met given that Apple is a California corporation headquartered in Cupertino.  *See* Dkt. 1, Cmplt. at ¶ 9; Rollins Decl., ¶ 5.  Second, the movant must show "good cause" by demonstrating that the "transferee venue is clearly more convenient" than the transferor district.  *Volkswagen II* at 315.  As shown below, that is the case here.

In evaluating convenience, the district court weighs both private and public interest factors.  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").  The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."  *Id*.  The public interest factors include: "(1) the administrative difficulties flowing

4

from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

The convenience of the witnesses is the most important factor in the transfer analysis. *In re Genentech, Inc*. 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016). Moreover, "in a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009); *see also, e.g.*, *In re Toyota Motor Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014); *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014); *Genentech*, 566 F.3d at 1348; *In re TS Tech USA Corp.*, 551 F.3d 1315, 1322 (Fed. Cir. 2008); *In re HP Inc.*, No. 2018-149, 2018 WL 4692486, at *3 (Fed. Cir. Sept. 25, 2018).[4]

## IV.   THE NDCAL IS CLEARLY THE MORE CONVENIENT VENUE

### A.   The Private Interest Factors Favor Transfer

The private interest factors strongly favor transfer because the overwhelming majority of the witnesses and evidence in this case are located in the NDCAL.

#### 1.   Relative Ease of Access to Sources of Proof

"[T]he Fifth Circuit clarified that despite technological advances that make the physical location of documents less significant, the location of sources of proof remains a 'meaningful factor in the analysis.'" *Wet Sounds, Inc. v. Audio Formz, LLC*, No. 17-cv-141, 2017 WL

---

[4] The plaintiff's choice of venue is not a distinct factor in the analysis. *Volkswagen II*, 545 F.3d at 314-15. Nor is the location of counsel. *Volkswagen I*, 371 F.3d at 206.

4547916, at *2 (W.D. Tex. Oct. 11, 2017), report and recommendation adopted, No. 1:17-cv-141, 2018 WL 1219248 (W.D. Tex. Jan. 22, 2018) (quoting *Volkswagen II*, 545 F.3d at 316). "The Federal Circuit has observed that '[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer,' and therefore the location of the defendant's documents tends to be the more convenient venue." *DataQuill, Ltd. v. Apple Inc.,* No. 13-ca-706, 2014 WL 2722201, at *3 (W.D. Tex. June 13, 2014) (quoting *In re Genentech, Inc*., 566 F.3d 1338, 1345 (Fed. Cir. 2009)).

"In determining the ease of access to sources of proof, the Court will look to the location where the allegedly infringing products were researched, designed, developed and tested." *XY, LLC v. Trans Ova Genetics, LC,* No. 16-ca-00447, 2017 WL 5505340, at *13 (W.D. Tex. Apr. 5, 2017); *Uniloc USA Inc. v. Box, Inc.*, No. 1:17-CV-754-LY, 2018 WL 2729202, at *3 (W.D. Tex. June 6, 2018) (finding that "it would be more inconvenient for Box to litigate in [WDTX] than for Uniloc to litigate in Northern California"); *Collaborative Agreements, LLC. v. Adobe Sys. Inc.,* No. 1-14-CV-356, 2015 WL10818739 *4 (W.D. Tex. Aug. 21, 2015).

When, as is the case here, the bulk of relevant evidence and witnesses are located in the requested transferee district, the ease of access to evidence factor weighs in favor of transfer. In *Polaris Innovations Ltd. v. Dell, Inc.*, No. 16-CV-451, 2016 WL 7077069 (W.D. Tex. Dec. 5, 2016), the defendant had an Austin office with 300 employees, including at least one Austin-based engineer with knowledge of the accused products. *Id.* at *3. Nevertheless, the Court still found that the bulk of the evidence was in California, and that this factor thus weighed in favor of transfer. *Polaris Innovations*, 2016 WL 7077069 at *5; *see also Uniloc USA*, 2019 WL 2066121, at *2; *Collaborative Agreements*, 2015 WL 10818739, at *4 (finding that where key witnesses were located in the NDCAL "[t]he proof surrounding Collaborative's theories of

6

infringement and damages will almost certainly lie with Adobe in the Northern District of California.").

The vast majority of the design, development, and implementation of the OLED displays in the Accused Products performed by Apple takes place at Apple's Cupertino headquarters, and all of the likely witnesses on this topic are located in NDCAL.  Chang Decl., ¶¶ 6-7.  Likewise, the key Apple documents relating to the design and development of the OLED displays were generated in California, and all of the third-party vendor documents in Apple's possession are located in NDCAL.  *Id*. at ¶¶ 8-9.  In addition, Apple's likely witnesses and the Apple documents concerning the marketing, sales and financial information for the Accused Products are located in or around Cupertino, California.  Rollins Decl., ¶¶ 12, 15-21.  The same is true of Apple's licensing.  As such, the overwhelming majority of the sources of proof regarding the Accused Technology and the Accused Products are in the NDCAL.

Conversely, there are no unique, relevant sources of proof in the WDTX.  First, Solas has no physical presence in the WDTX.  Second, Apple is not aware of any third-party witnesses who reside in the WDTX.  Third, the likely Apple witnesses and their relevant documents are located in the NDCAL, not in the WDTX.  Rollins Decl., ¶¶ 12, 15-21; Chang Decl., ¶¶ 6-9.  Given that there are numerous sources of proof in the NDCAL and none in the WDTX, this factor clearly favors transfer.

### 2.  Availability of Compulsory Process

Transfer is favored when a transferee forum has absolute subpoena power over a greater number of third-party witnesses.  *In re Hoffman-La Roche, Inc*., 587 F.3d 1333, 1337-38 (Fed. Cir. 2009); *Genentech*, 566 F.3d at 1345; *Wet Sounds*, 2017 WL 4547916 at *3.  A court may subpoena a witness to attend trial only (a) "within 100 miles of where the person resides, is employed, or regularly transacts business in person,"; or (b) "within the state where the person

7

resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(A), (B); *Gemalto S.A. v. CPI Card Grp. Inc.*, No. 15-CA-0910, 2015 WL 10818740, at *4 (W.D. Tex. Dec. 16, 2015). Moreover, the ability to compel live trial testimony is crucial for evaluating a witnesses' testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 419 (5th Cir. 1992).

As noted above, the third-party vendors that supply Apple with the OLED displays in the Accused Products are all based in Asia, and the engineers at these vendors with whom the Apple engineers work regarding the design and development of the OLED displays are located in Asia. Chang Decl., ¶ 9. Although not within the subpoena power of NCAL, the relevant engineers at these third-party vendors are not within the subpoena power of WDTX either. Apple is not aware of a single third-party witness who would be within the WDTX's subpoena power. Therefore, this factor is, at worst, neutral.

### 3. Attendance of Willing Witnesses

The inconvenience to willing witnesses is the single most important factor in the transfer analysis. *See Genentech*, 566 F.3d at 1342; *Auto-Dril*, 2016 WL 6909479 at *7. As noted above in Section II.B., all of the likely Apple witnesses are located in the NDCAL. These witnesses are a short car ride from the courthouses in the NDCAL (*e.g.*, 15 minutes from San Jose), but more than 1,500 miles and a lengthy plane ride from Texas.[5] Ex. 3, Google Flights search results.

---

[5] Apple is aware of the Court's analysis regarding the weight afforded to party witnesses in *Fintiv, Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *4 (W.D. Tex. Sept. 13, 2019). Apple respectfully submits that affording little weight to the inconvenience of party witnesses is inconsistent with the great weight of authority and appears to be based on imprecise language in *ADS Sec. L.P. v. Advanced Detection Sec. Servs., Inc.,* No. A-09-CA-LY, 2010 WL 1170976, at *4 (W.D. Tex. Mar. 23, 2010) report and recommendation adopted in A-09-CA-LY (ECF No. 20) (Apr. 14, 2010). In *ADS Sec.,* the underlying discussion and analysis focused on the relative inconvenience among party and non-party witnesses and not on the absolute weight to be given to party witnesses. *Id.* Although the inconvenience to non-party witnesses may be afforded greater weight, it is not appropriate to afford little weight to party witness inconvenience. *See e.g.*, *Volkswagen II*, 545 F.3d at 317-18 (evaluating convenience for both party and non-party witnesses) and *Uniloc USA*, 2019 WL 2066121 at *3 ("In considering this

If this case remains in Texas, the Apple witnesses would need to spend days away from home and work—as opposed to several hours if the trial takes place in the NDCAL.  This travel burden is not insignificant and has been cited as a key reason why transfer is often appropriate. *See Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family and community.").  This length of travel also imposes additional burdens beyond travel time, such as meal and lodging expenses. *Volkswagen I*, 371 F.3d at 204-05.  For all of these reasons, it would be clearly more convenient for the NDCAL-based witnesses to attend trial in the NDCAL.  *Volkswagen II*, 545 F.3d at 317 (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"); *see Apple*, 581 F. App'x at 889 (faulting district court for failing to follow the 100-mile rule); *TS Tech*, 551 F.3d at 1320 ("The district court's disregard of the 100-mile rule constitutes clear error.").

On the other hand, there is not a single relevant witness in the WDTX.  Even the Plaintiff in this case, an Irish company based in Dublin, has no operations or relevant witnesses in Texas.  The NDCAL would also be more convenient for any potential Solas witnesses, given that there are non-stop flights available between Dublin and the NDCAL.  Ex. 4.  By contrast, there are no direct flights travel between Dublin and Waco, or even Dallas.  Exs. 5, 6.  Thus, a trip to Waco for Solas witnesses would likely involve a connecting flight to Dallas plus a car ride from Dallas to Waco of approximately 1.5 hours (at best).

In addition, to the extent any of the inventors intend to travel to trial, all of those potential witnesses appear to be based in Tokyo, and could also fly directly to the NDCAL on several

---

factor, the Court also includes Apple's employee-witnesses, all of whom are in the Northern District of California."); *see also In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010), as amended (Jan. 13, 2011); *Nintendo*, 589 F.3d at 1199.

9

available non-stop flights each day—which are not available to Waco or Austin. Ex. 7-9. The same holds true for witnesses from the vendors who supply the OLED displays for the Accused Products. Non-stop flights from major cities in China, Korea, and Japan are available to the NDCAL, but not Austin or Waco. *See, e.g.*, Exs. 7-15. Therefore, the NDCAL would also be a more convenient venue for these potential witnesses.

In situations like this, where the vast majority of likely witnesses are in the transferee district, this factor weighs in favor of transfer. *See HP*, 2018 WL 4692486, at *3; *Genentech*, 566 F.3d at 1343, *Wet Sounds*, 2017 WL 4547916, at *3; *Via Vadis, LLC v. Netgear, Inc.*, No. 14-cv-809, 2015 WL 10818675, at *2 (W.D. Tex. July 30, 2015); *Datascape, Ltd. v. Dell Techs., Inc.*, No. 6:19-cv-00129-ADA, 2019 WL 4254069 (W.D. Tex. June 7, 2019); *Uniloc USA*, 2019 WL 2066121; *see also Polaris Innovations*, 2016 WL 7077069, at *9. And even if a company has a presence in the transferor district, if those connections are not tied to the particular case, this factor still favors transfer.[6] Indeed, Judge Yeakel reached this very conclusion in deciding that recent Apple cases should be transferred to the NDCAL because the relevant Apple witnesses were located there. *See Uniloc USA*, 2019 WL 2066121 at *3. Therefore, with regard to this most important factor in the analysis, the facts weigh strongly in favor of transfer.

### 4. All Other Practical Problems

Although there are related actions in the WDTX, Solas has also filed a related action in another district, the Eastern District of Texas. In that action, against Samsung Display, Solas has

---

[6] Litigants previously have pointed to Apple facilities in Austin in attempting to resist transfer to California, and Solas may do so here. But any such argument would be meritless. Apple does have employees in Austin, but the relevant witnesses in this case are located in the NDCAL. *See* Rollins Decl., ¶ 14-15; *see also Uniloc USA*, 2019 WL 2066121 at *3; *Peak Completion Techs., Inc. v. I-TEC Well Solutions, LLC*, No. A-13-cv-086-LY, 2013 WL 12121002 at *3 (W.D. Tex. June 26, 2013) (finding that the presence of an office and personnel in the district did not weigh against transfer because those individuals were not likely witnesses).

10

asserted two of the three Asserted Patents.  Thus, this Court is not the only court in which the patents asserted against Apple are at issue.  Given that Solas is already litigating the Asserted Patents in multiple districts, this factor is neutral.

### B.     The Public Interest Factors Favor Transfer

The public interest factors also strongly favor transfer because the NDCAL has a strong local interest in this matter.

#### 1.     Court Congestion Is, At Worst, Neutral

Courts in this District have acknowledged that the NDCAL has a shorter time to trial for patent cases than this District.  *See Box, Inc.*, 2018 WL 2729202, at *4.  Apple understands that the Court is now scheduling patent cases for trial faster than in the past; however, those cases have not yet proceeded to trial.  Therefore, given historical data and the uncertainty of future activity, this factor is, at worst, neutral.

#### 2.     Local Interests Strongly Favor Transfer

The NDCAL has a strong local interest in this matter because: (1) Apple's work on the design, development, and implementation of the OLED displays in the accused products takes place there; (2) Apple's headquarters are located there; and, (3) all of Apple's relevant employees are based there.  *See Wet Sounds* 2017 WL 4547916, at *4.  In contrast, as established above, Solas has **no** connection to the WDTX.  Apple does have a presence in the WDTX; however, the relevant Apple witnesses in this case are located in the NDCAL.   Rollins Decl., ¶¶ 14-15.  In similar situations, this Court and others have favored transfer to the district with interests more closely connected with the issues to be tried.  *Datascape*, 2019 WL 4254069, at *3.  In *Datascape*, the Court acknowledged that the defendant had operations in multiple districts, but noted that the transfer analysis focused on the "*relative* interests" concluding that the local interests were greater in the transferee forum where Dell was based.  *Id.*  (emphasis in

11

original).  Where, as here, the accused technology was "developed and tested" in the NDCAL, and because this suit "calls into question the work and reputation of several individuals residing" in that district, the NDCAL interest in this matter is "self-evident." *In re Hoffman-La Roche, Inc.* 587 F.3d 1333, 1336 (Fed. Cir. 2009); *DataQuill*, 2014 2722201, at *4 (recognizing that local interest weighed in favor of transfer notwithstanding Apple's Austin presence because this case is about Apple's actions in designing and developing [the accused products], all of which happened in Cupertino").  Applied here, this same analysis leads to the conclusion that the NDCAL has a stronger local interest than the WDTX.  Notably, Apple's corporate headquarters and the vast majority of its workforce are in the NDCAL—where the company was founded and where the likely Apple witnesses for this case are located.  Therefore, this factor strongly favors transfer.

### 3. Familiarity With The Governing Law And Conflicts Of Law Are Neutral

The last two factors are neutral.  There are no perceived conflicts of law and both districts are equally qualified to apply patent law.  *TS Tech.*, 551 F.3d at 1320-21.

## V. CONCLUSION

For all the reasons set forth above, Apple respectfully requests that the Court transfer this case to the NDCAL because it is the clearly more convenient venue.

12

WEST\288828107.1

Dated:  January 21, 2020             Respectfully submitted,

By: */s/ John M. Guaragna*
JOHN M. GUARAGNA (Bar No. 199277)
john.guaragna@dlapiper.com
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX  78701-3799
Tel:  512.457.7000
Fax: 512.457.7001

MICHAEL D. JAY (Bar No. 223827)
michael.jay@dlapiper.com
NANDAN R. PADMANABHAN (Bar No. 280309)
nandan.padmanabhan@dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California  90067-4704
Tel: 310.595.3000
Fax: 310.595.3300

MARK FOWLER (Bar No. 124235)
mark.fowler@dlapiper.com
**DLA PIPER LLP (US)**
2000 University Avenue
East Palo Alto, CA  94303-2214
Tel:  650.833.2000
Fax:  650.833.2001

***ATTORNEYS FOR DEFENDANT APPLE INC.***

13

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Apple has conferred with counsel for Solas OLED in a good-faith effort to resolve the matter presented herein.  Counsel for Solas OLED opposes the instant Motion.

*/s/ John M. Guaragna*
John M. Guaragna

## CERTIFICATE OF SERVICE

I certify that the foregoing document was filed electronically on January 21, 2020, pursuant to Local Rule CV-5(a) and has been served on all counsel whom have consented to electronic service.  Any other counsel of record will be served by first class U.S. mail on this same date.

*/s/ John M. Guaragna*
John M. Guaragna